UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.D. MIGDALIA FORT *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERAN'S AFFAIRS *et al.*,<br><br>Defendants. | Civil Action No. 22-583 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant United States of America's ("Defendant") Motion to Dismiss the matter in part pursuant to Federal Rules of Civil Procedure[1] 12(b)(1), 12(b)(6), and 56, and to stay the remainder of the case due to a lack of subject matter jurisdiction. (ECF No. 55.) Plaintiffs Migdalia Fort, M.D. ("Dr. Fort"), Marigdalia K. Ramirez-Fort M.D. ("Dr. Ramirez-Fort"), and the Estate of Ana V. Fort (the "Estate") (collectively, "Plaintiffs") filed an opposition (ECF No. 56) and Defendant filed a reply (ECF No. 57).

It is well-established that district courts have inherent power to control their dockets. *Kelly v. RealPage Inc.*, 47 F.4th 202, 222 n.18 (3d Cir. 2022). The inherent powers of the district courts are not "governed . . . by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 625, 630-31 (1962)).

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Based on its inherent authority to control the matters on its docket, the Court finds a staged approach to Defendant's Motion warranted. To that end, the Court finds it appropriate to first determine whether Dr. Ramirez-Fort and the Estate are proper parties to this action.[2]

Defendant argues that Dr. Ramirez-Fort's and the Estate's claims are time-barred. According to Defendant, the VA denied Dr. Ramirez-Fort's and the Estate's claims by certified mailings dated August 14, 2020. (Def.'s Moving Br. 17.) Dr. Ramirez-Fort and the Estate, therefore, had until February 2021 to file suit on their FTCA claim. (*Id.*) However, Dr. Ramirez-Fort and the Estate first appeared in this action via the Second Amended Complaint filed on April 1, 2022, more than a year after the statute of limitations had run. (*Id.*)[3] Defendant, therefore, moved for summary judgment and filed a Statement of Material Facts Not in Dispute in support of its summary judgment application. (ECF No. 55-2.)

In opposition, Plaintiffs argue that "Defendant's statement of material facts, even if true, are not dispositive, and as such Plaintiffs neither admit nor deny such statements, but leave Defnedant [sic] to its proofs." (Pls.' Opp'n Br. 19 n.2, ECF No. 56.) Plaintiffs assert that the FTCA's limitations period is subject to equitable tolling. (*Id.* at 19.) According to Plaintiffs, "equitable tolling is . . . appropriate here, or, at the very least, this issue should not be decided until

---

[2] Generally, the Court would commence with a subject matter jurisdiction analysis. Here, Defendant argues that the Court lacks subject matter jurisdiction over Dr. Fort's personal injury claims because a substantial question exists regarding coverage under the Federal Employees' Compensation Act ("FECA"). (Def.'s Moving Br. 22-29, ECF No. 55-1.) Defendant, therefore, requests the Court to stay the case as to Dr. Fort—"the only legally remaining Plaintiff"—until the Secretary of Labor resolves the question of FECA coverage. (*Id.* at 22, 29-32.) Before the Court reaches this argument, it will first determine whether Dr. Fort is, in fact, "the only legally remaining Plaintiff." Defendant does not raise a subject matter jurisdiction argument as to Dr. Ramirez-Fort or the Estate.

[3] According to Defendant, Dr. Ramirez-Fort and the Estate requested to be added as plaintiffs in this case in a June 1, 2021, motion opposition brief. (Def.'s Moving Br. 17.) But even by then, their claims were time-barred. (*Id.* at 17-18.)

a more complete record is established." (*Id.* at 20.) Plaintiffs further argue that "Defendant's motion for summary judgment is premature. There has been no discovery at all in this case. . . . The court is therefore being asked to decide an issue of equitable tolling on an incomplete record." (*Id.* at 21.)

On reply, Defendant argues that:

> Plaintiffs' request for additional discovery is perplexing, since there is no reason to believe that the United States possesses unique information bearing on Plaintiffs' sole factual argument in opposition to the United States' motion for summary judgment— i.e., Dr. Fort's medical condition prevented Dr. Ramirez-Fort and the Estate from timely litigating their claims. There has been no allegation that the United States misled them regarding the deadline for filing their suit . . . [and] there has been no factual question on the identification of the alleged tortfeasor.

(Def.'s Reply Br. 10, ECF No. 57.)

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Plaintiffs did not file a Rule 56(d) affidavit in opposition to Defendant's motion. In addition, the Court is not clear what discovery Defendant could provide that would inform the equitable estoppel analysis.

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, based on the liberal leave to amend standard under Rule 15(a)(2), its inherent authority to control the matters on its docket, and in the interests of efficiency, the Court will afford Plaintiffs

3

the opportunity to file an amended complaint. The Third Amended Complaint should allege the facts underpinning Plaintiffs' equitable-estoppel arguments.[4]

For the foregoing reasons,

**IT IS** on this 23rd day of February, 2023, **ORDERED** that:

1. Defendant's Motion (ECF No. 55) is administratively terminated without prejudice.

2. The Court grants Plaintiffs leave to file an amended complaint.

3. Plaintiffs shall file an amended complaint by **March 31, 2023**.[5]

                                                                                                 /s/ *Georgette Castner*
                                                                                                  GEORGETTE CASTNER
                                                                                                  UNITED STATES DISTRICT JUDGE

---

[4] In its reply brief, Defendant asserts that Plaintiffs' opposition brief alleges facts outside of the Complaint. (Def.'s Reply Br. 3.) "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citations omitted). To the extent Plaintiffs asserted facts in their opposition brief that were not alleged in the Second Amended Complaint, they should also assert those facts in the Third Amended Complaint.

[5] Should Defendant again move for summary judgment on Dr. Ramirez-Fort's and the Estate's claims and file a Statement of Material Facts Not in Dispute, Plaintiff must either file a Responsive Statement in accordance with Local Civil Rule 56.1 or an Affidavit in accordance with Rule 56.